IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN RE: KEIKO SUZUKI | ) | CIV. NO. 14-00516 JMS-KSC |
| | ) | |
| KEIKO SUZUKI, | ) | ORDER DENYING NON-PARTY |
| | ) | KEIKO SUZUKI'S MOTION TO |
| Petitioner, | ) | QUASH OR MODIFY SUBPOENAS |
| | ) | TO PRODUCE DOCUMENTS, |
| v. | ) | INFORMATION, OR OBJECTS OR |
| | ) | TO PERMIT INSPECTION OF |
| SHIGE TAKIGUCHI, ET AL., | ) | PREMISES IN A CIVIL ACTION AS |
| | ) | TO KEIKO SUZUKI |
| Respondents. | ) | |
| _____ | ) | |

**ORDER DENYING NON-PARTY KEIKO SUZUKI'S MOTION TO QUASH OR MODIFY SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION AS TO KEIKO SUZUKI**

**I. INTRODUCTION**

Before the court is Petitioner Keiko Suzuki's ("Keiko" or "Petitioner") Motion to Quash or Modify Subpoenas ("Motion") that were issued under the authority of the United States District Court for the District of Nevada in *Takiguchi, et al. v. MRI International, Inc., et al.*, Civ. No. 2:13-01183 JAD-VCF (the "underlying action"), and served on four Hawaii financial institutions where Petitioner maintains accounts. The subpoenas seek the production of documents in connection with accounts held in the name of Suzuki Enterprises, Ltd. and/or members of the Suzuki family -- Keiko, her husband Junzo Suzuki ("Junzo"),

and/or her son Paul Suzuki ("Paul"). Although Keiko is not a party to the underlying action, Junzo and Paul are named defendants. Keiko moves to quash or modify the subpoenas to prevent the release or disclosure of her financial information only. For the following reasons, the Motion is DENIED.

## II. BACKGROUND

A. **Factual Background**

The Complaint in the underlying action asserts violations of federal securities laws and supplemental state law claims. *See Takiguchi*, Civ. No. 2:13-01183 JAD-VCF, Doc. No. 1.[1] The Nevada district court describes the underlying action as "a putative class action [arising from] the alleged operation of a Ponzi scheme." Doc. No. 6-1, Resp'ts' Ex. A, *Takiguchi v. MRI Int'l, Inc.*, 2014 WL 4664840, at *1 (D. Nev. Sept. 18, 2014). The court explains that "MRI is alleged to be a Nevada corporation headquartered in Las Vegas with a branch in Tokyo, Japan, operated by its president and CEO, Edwin Fujinaga." *Id.* And as alleged in the underlying action, "MRI's Tokyo operations were controlled by Junzo," who "[t]ogether with his son, Paul . . . , marketed and solicited for purchase MRI securities in Japan." *Id.*

---

[1] The court takes judicial notice of the filings in the underlying action. *See Reyn's Pasta Bella v. Visa USA*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining that the court "may take judicial notice of filings and other matters of public record").

2

On September 18, 2014, an Order on Motion for Preliminary Injunction (the "September 18 Order") was issued in the underlying action restraining and enjoining Junzo, Paul, "their agents and representatives, and all persons and entities under the control of or acting in concert with either of them" from:

> A. Directly or indirectly transferring, converting, selling, concealing, disbursing, spending, withdrawing, liquidating, encumbering, pledging, assigning, or otherwise disposing of any assets, wherever located, that are:
>> 1. Owned or controlled by Junzo Suzuki or Paul Musashi Suzuki, or their affiliates or by any person or entity under the control of either of them; or
>>
>> 2. In the actual or constructive possession of Junzo Suzuki or Paul Musashi Suzuki, or their affiliates or by any person or entity under the control of either of them; or
>>
>> 3. Owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by or under common control with Junzo Suzuki or Paul Musashi Suzuki;
>
> B. Opening or causing to be opened any safe deposit box titled in the name of or for the benefit of Junzo Suzuki or Paul Musashi Suzuki, or their companies, affiliates, or subsidiaries, or subject to access by any of them;
>
> C. Directly or indirectly destroying, secreting, defacing, transferring or otherwise altering or destroying any

> documents concerning, evidencing, or relating to the
> business, assets, and financial affairs of Junzo Suzuki or
> Paul Musashi Suzuki, or of any business or entity
> affiliated with either of them or under their control.

*Id.* at *8.

Plaintiffs in the underlying action, who are Respondents to this Motion, issued and served subpoenas on four financial institutions in Hawaii -- Bank of Hawaii, Central Pacific Bank, First Hawaiian Bank, and Merrill Lynch, Doc. No. 1, Mot. at 2, -- seeking documents and information concerning accounts held in the name of Junzo, Paul, Keiko, and/or Suzuki Enterprises, Ltd., or in which Junzo, Paul, or Keiko "is an authorized signer or holds any interest." Doc. Nos. 1-3 - 1-6, Pet'r's Exs. A - D at 2.

**B.    Procedural Background**

On November 14, 2014, Petitioner filed the instant Motion in this court seeking to protect her "private, personal, financial and proprietary information from any release, disclosure or discovery . . . by any of the four identified financial institutions" in Hawaii. Doc. No. 1, Mot. at 3-4. A status conference was held on November 17, 2014, after which the court set a briefing schedule. Doc. No. 5, Entering Order. Respondents filed a Response on November 21, 2014, Doc. No. 6, and on November 28, 2014, Petitioner filed a Reply. Doc. No. 8. Pursuant to Local Rule 7.2(d), the court finds this matter

suitable for disposition without a hearing.

### III. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena and provides in part:

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to [travel more than 100 miles]; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

Further, "[i]t is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Wells Fargo Bank, Nat'l Ass'n v. Iny*, 2014 WL 1796216, at *2 (D. Nev. May 6, 2014); *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011) (collecting cases). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." However, the court must limit such discovery if "the burden . . . of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii).

The party seeking to quash or modify a subpoena "bears the burden of showing why a discovery request should be denied." *Wells Fargo Bank, Nat'l Ass'n*, 2014 WL 1796216, at *2 (citing *Painters Joint Comm.*, 2011 WL 4573349, at *5); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). But "the party issuing the subpoena must [first] demonstrate the discovery sought is relevant." *Chevron Corp. v. Donziger*, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013); *see Refco Grp. Ltd. v. Cantor Fitzgerald, L.P.*, 2014 WL 5420225, at *6 (S.D.N.Y. Oct. 24, 2014) ("Once the party seeking production of the materials meets its burden of showing relevance sufficient to justify discovery, the burden shifts to the movant to show why discovery should not be had.") (citations, quotation marks and brackets omitted). And "[w]hile discovery is a valuable right and should not be unnecessarily restricted . . . , the 'necessary' restriction may be broader when a nonparty is the target of discovery." *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980); *see also R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, 2014 WL 2804276, at *2 (D. Ariz. June 20, 2014) ("To obtain discovery from a nonparty, a party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure.").

///

///

# IV. **DISCUSSION**

Keiko seeks to quash or modify the subpoenas to prevent disclosure of her private, personal, financial and/or proprietary information. More specifically, she seeks to exclude from production

> any and all information or documents relating to [her] personal financial accounts, any joint accounts in which she is one of the account holders, and any personal trust accounts in the name of her Trust, and including deposit accounts, bank accounts, investment accounts, brokerage accounts, safe deposit accounts, security deposits, lines of credit and mortgages.

Doc. No. 1, Mot. at 4. Keiko contends that the subpoenas should be quashed or modified with respect to her financial information because (1) the information sought is not discoverable where she is not a party or named witness to the underlying action and the information is personal to Keiko; and (2) she is protected from the banks' disclosure of her private and personal financial information without her consent under the Gramm-Leach-Bliley Act of 1999 ("GLBA").[2] *See*

---

[2] Although not clear, Keiko may also be arguing that the subpoenas *must* be quashed pursuant to Rule 45(d)(3)(A)(iii) because her financial records are "privileged or other protected matter." To the extent she is making that argument, the court disagrees. "[F]ederal law of privilege applies" where, as here, "there are federal question claims and pendant state law claims." *Agster v. Maricopa Cnty.*, 442 F.3d 836, 839 (9th Cir. 2005); *see also* Fed. R. Evid. 501. Under federal common law, "[i]t is well settled that there is no privilege between a bank and a depositor." *Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007); *see also Hecht v. Pro-Football, Inc.*, 46 F.R.D. 605, 606 (D.D.C. 1969) (explaining that confidential financial information "is not privileged matter in the legal sense of the term"). Nor does the Constitution provide a privilege or even a privacy interest in such records. *See United States v. Miller*, 425

(continued...)

Doc. No. 1-1, Mem. at 5.  Assuming that Keiko has standing to challenge the subpoenas,[3] the court rejects Keiko's arguments.

## A.  Keiko's Subpoenaed Financial Documents Are Relevant and Discoverable

In general, a party is entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  However, the court must limit such discovery if

---

[2](...continued)
U.S. 435, 440 (1976) (no constitutional privacy interest in bank records).  And, as explained below, to the extent Keiko may rely on the GLBA for such privilege, she is mistaken.

[3] Generally, pursuant to Rule 45(d)(3), "a party lacks standing to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena."  *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, 2014 WL 3573400, at *2 (S.D. Cal. July 18, 2014); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2459 (3d ed. 2008) (same).  Courts are split, however, as to whether the "personal right or privilege" exception to the general rule applies to a non-party such as Keiko.  *See, e.g.*, *R. Prasad Indus. v. Flat Iron Envtl. Solutions Corp.*, 2014 WL 2804276, at *3 (D. Ariz. June 20, 2014) (collecting cases).  And assuming that the "personal right or privilege" exception does apply to a non-party, courts are further split as to whether individuals have such a personal right to their financial and banking records sufficient to establish standing. *See Wells Fargo Bank, N.A. v. Iny*, 2014 WL 1796216, at *2 (D. Nev. May 6, 2014) (collecting cases).  Absent clear guidance from the Ninth Circuit, and because the court's ruling does not depend upon resolution of this issue, the court will assume that Keiko has standing and will address the Motion on its merits.  *See R. Prasad Indus.*, 2014 WL 2804276, at *3 ("[T]he Court assumes without deciding that, for the purposes of this Order, [the movant] has standing, in general, to move to quash the subpoena issued to [the movant's bank]."); *see also Wells Fargo Bank*, 2014 WL 1796216, at *2; *Doe v. Verizon Online*, 2010 WL 2035332, at *2 n.* (D.D.C. May 21, 2010).

8

> the burden . . . of the proposed discovery outweighs its
> likely benefit, considering the needs of the case, the
> amount in controversy, the parties' resources, the
> importance of the issues at stake in the action, and the
> importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii).

Respondents comprise a class of "more than 8,000 Japanese investors [who invested with MRI] more than a billion dollars." *Takiguchi*, 2014 WL 4664840, at *1. Through the subpoenas, Respondents seek, in part, the discovery of Keiko's financial information following the issuance of the September 18 Order freezing all assets "owned or controlled by 'Junzo [or Paul] Suzuki, their agents and representatives, and all persons and entities under the control of or acting in concert with either of them.'" Doc. No. 6, Opp'n at 2 (quoting *Takiguchi*, 2014 WL 4664840, at *8). Supporting the issuance of the preliminary injunction, *Takaguchi* found that:

> the Suzukis began taking immediate steps, as soon as
> MRI's fraud was uncovered, to divest themselves from
> some of their assets. A reasonable inference can be
> drawn that the Suzukis are likely to dissipate or conceal
> other assets and property paid for, at least in part, with
> commissions received from MRI.

2014 WL 4664840 at *6. *Takaguchi* further found that evidence of a transfer of proceeds from a "life insurance policy . . . on the life of Keiko" to an account owned by an entity controlled by the Suzukis "is highly suggestive of an attempt to

9

secret assets," and that "the fact that the holder and insured . . . are not defendants is irrelevant; both are closely related to -- and in the case of [the entity], controlled by -- the Suzukis." *Id.*

Given these findings, discovery regarding Keiko's accounts is "reasonably calculated to lead to the discovery of admissible evidence." Indeed, in the underlying action Respondents allege that over three million dollars was transferred from MRI to Keiko between 2009 and 2011, Doc. No. 6, Opp'n at 7 n.2 (citing *Takiguchi*, Civ. No. 2:13-01183 JAD-VCF, Doc. No. 134), and Keiko's banking information will certainly answer whether she was improperly transferred funds and is relevant to the claims, remedies, and resolution of the underlying action.

In opposition, Keiko argues that because she is not a party or named witness in the underlying action, her personal financial information is not relevant, and her privacy interest and/or personal right in her financial information outweighs the need for discovery. Keiko's conclusory argument, without more, is insufficient to show that she would suffer any specific harm or burden as a result of the disclosure of her financial information. *See Wells Fargo Bank, Nat'l Ass'n*, 2014 WL 1796216, at *3 ("While defendants assert vaguely that some of their banking records may contain 'sensitive' information, . . . they have failed to make

a showing of the harm or prejudice sufficient to deny the discovery."). And although Keiko certainly has some privacy interest in her financial information, that interest is outweighed by the importance of this discovery to the allegations that Junko and Paul have dissipated Respondents' monies. *See Painters Joint Comm.*, 2011 WL 4573349, at *5-6 (denying motion to quash subpoena of bank records after weighing "the competing needs and interests of the parties affected by the discovery").

The court therefore finds that Keiko's financial information sought by the subpoenas is highly relevant and discoverable.

**B.     The GLBA Does Not Bar Disclosure of Keiko's Financial Information**

Keiko argues that the GLBA protects her from the banks' disclosure of her private and personal financial information without her consent. This argument is without merit.

The GLBA, codified at 15 U.S.C. § 6801, *et seq.*, generally prohibits a financial institution from "disclos[ing] to a nonaffiliated third party any nonpublic personal information" "[e]xcept as otherwise provided." 15 U.S.C. § 6802(a). One such exception is "to comply with Federal . . . and other applicable legal requirements; to comply with a properly authorized civil . . . subpoena . . . , or to respond to judicial process[.]" 15 U.S.C. § 6802(e); *see also Sohai v. Fed.*

*Home Loan Mortg. Corp.*, 2012 WL 4113721, at *3 (N.D. Cal. Sept. 18, 2012) ("GLBA authorizes the disclosure of otherwise protected information for court proceedings."); *City of Kenner, La. v. Durham Auctions, Inc.*, 2008 WL 4279594, at *7 (S.D. Miss. Sept. 12, 2008) ("[T]he production of any documents consistent with . . . [a] subpoena duces tecum shall not violate the [GLBA].").

Keiko does not suggest, nor does the record show, that the subpoenas are not properly authorized. Thus, Keiko's financial information is not protected by the GLBA from disclosure in compliance with those subpoenas.

## V. CONCLUSION

Based on the foregoing, the court DENIES Petitioner's Motion to Quash or Modify Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action as to Keiko Suzuki.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 5, 2014.



      /s/ J. Michael Seabright
      J. Michael Seabright
      United States District Judge

*Suzuki v. Takiguchi, et al.*, Civil No. 14-00516 JMS-KSC, Order Denying Non-Party Keiko Suzuki's Motion to Quash or Modify Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action as to Keiko Suzuki